IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clarence Silvester Gregory, ) | Case No. 8:24-cv-02851-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| South Carolina Department of ) | |
| Corrections, Valerie Harris Pough, ) | |
| Lieutenant L. Robertson, John Doe, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants South Carolina Department of Corrections ("SCDC"), Valerie Harris Pough, and Lieutenant L. Robertson (collectively, "Moving Defendants"). [Doc. 83.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

## BACKGROUND

Plaintiff is a prisoner housed in SCDC and asserts claims pursuant to 42 U.S.C. § 1983 as well as state law claims. [Doc. 77.] Plaintiff's claims are based on an incident in which he alleges he was injured when Defendant Valerie Harris Pough swung some brass keys at him in the presence of Defendant Lieutenant L. Robertson; Plaintiff blocked the keys with his left hand, causing his hand to bleed; and Defendants denied Plaintiff appropriate medical treatment. [*Id.*] For his remedy, Plaintiff requests money damages. [*Id.* at 21.]

On July 31, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the Court grant summary judgment to Defendants as to Plaintiff's § 1983 claims and decline to exercise supplemental jurisdiction over the remaining state law claims. [Doc. 100.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 33.] The Clerk docketed Plaintiff's objections to the Report on October 6, 2025 [Doc. 105], and Moving Defendants filed a reply to the objections on November 4, 2025 [Doc. 112].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

2

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id*. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id*. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id*. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

3

>  (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>  (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**The Report**

The Report recommends that Defendants be granted summary judgment on the basis of Eleventh Amendment immunity concerning Plaintiff's claims asserted against Defendants in their official capacities.  [Doc. 100 at 12–14.]  In addition, it concluded Defendants are not entitled to summary judgment on any claims based on Plaintiff's failure to exhaust his administrative remedies.  [*Id.* at 14–17.]  Regarding Plaintiff's excessive force claim, the Report recommends that summary judgment be granted to Defendants because the record, viewed in the light most favorable to Plaintiff, fails to demonstrate that the force allegedly applied by Plough was sufficiently serious to establish a constitutional violation.  [*Id.* at 17–20.]  The Report also recommends granting summary judgment to Defendants on Plaintiff's claim of deliberate indifference to a serious medical need on the basis that the summary judgment record, viewed in the light most favorable to Plaintiff, does not demonstrate a serious medical need.  [*Id.* at 20–22.]

The Report further concluded concerning this claim that to the extent Plaintiff claims any wrongdoing by Pough and Robertson after February 18, 2024, Pough and Robertson were entitled to rely on the care of other SCDC medical personnel involved with Plaintiff's care. [*Id.* at 22.]

Concerning bystander liability against Robertson—and possibly the John Doe Defendant as well—the Report recommends granting summary judgment to Defendants because Plaintiff has failed to forecast evidence that Robertson or a security officer working with Robertson had a reasonable opportunity to intervene to prevent Plaintiff from suffering the alleged harm. [*Id.* at 23–25 & n.6.] The Report also recommends granting summary judgment to Defendants on Plaintiff's retaliation claim, on the basis that Plaintiff did not forecast sufficient evidence that any retaliatory action taken against him was sufficient to constitute an adverse action. [*Id.* at 25–28.] Specifically, the Report concluded that assuming Plaintiff was no longer permitted to do volunteer work with the employee he was suing, he was not precluded from doing other volunteer work. [*Id.* at 27–28.] Because Plaintiff failed to forecast evidence that could support a finding that his constitutional rights were violated, the Report concludes that Defendants would be entitled to qualified immunity as well. [*Id.* at 28.] Finally, the Report recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims or, alternatively, granting summary judgment to Defendants on those claims. [*Id.* at 29–32.]

**Plaintiff's Objections and the Court's Analysis**

Plaintiff's 44-page objections filing takes a scattershot approach and does not meaningfully engage the reasoning of the Magistrate Judge. Nonetheless, out of an abundance of caution for the pro se Plaintiff, the Court has reviewed de novo the Report,

the record, and the applicable law.  Upon such review, the Court accepts the Report, as modified by this Order, and incorporates it by reference.  The Court also offers a few comments concerning Plaintiff's discernible objections.

The bulk of Plaintiff's objections assert that Defendants' version of events should not be credited or that Plaintiff's evidence should be credited.  [*Id.* at 6–39.]  These objections are generally of no moment because the reasons the Report identifies for granting summary judgment on Plaintiff's various causes of action do not assume the truth of any of Defendants' forecasted evidence or discredit Plaintiff's forecasted evidence.[1]  [*E.g.*, Doc. 100 at 17–20 (recommending summary judgment be granted to Defendants on Plaintiff's excessive force claim because Plaintiff failed to forecast evidence that the force applied by Pough was sufficiently serious to constitute a constitutional violation); *id.* at 20–23 (recommending summary judgment to Defendants on Plaintiff's claim for deliberate indifference to his serious medical needs on the basis that Plaintiff's own evidence was insufficient to demonstrate Defendants were deliberately indifferent to a serious medical need).]

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted against Plaintiff on his bystander liability claim against Robertson because his forecasted evidence was insufficient to support a reasonable inference that

---

[1] The Court notes that Plaintiff points to allegations in his Second Amended Complaint and contends that the Magistrate Judge was required to accept those as true. [*E.g.*, Doc. 105 at 37–38.] However, Plaintiff conflates the applicable law for a motion to dismiss for failure to state a claim with a motion for summary judgment.  Well pled allegations are not necessarily sufficient to survive a summary judgment motion; rather, to survive such a motion, a plaintiff must be able to forecast admissible evidence to create a genuine dispute of material fact.  *See Celotex*, 477 U.S. at 324.  Plaintiff also argues that a ruling by the South Carolina Administrative Law Court is the law of the case.  [Doc. 105 at 4, 18.]  It is unclear what court ruling Plaintiff believes is applicable in the present case.

Robertson had an opportunity to prevent Pough from injuring him. [Doc. 105 at 32–36.] The Court concludes that this presents a close issue. Nonetheless, because there can be no bystander liability in the absence of an underlying excessive force violation, *see Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 420 (4th Cir. 1996), the Court need not resolve this question.[2]

Plaintiff objects that the Magistrate Judge erred in disregarding Plaintiff's medical expert witness opinion of Dr. Days, who diagnosed Plaintiff's injuries and recommended Plaintiff be examined by an orthopedic surgeon. [Doc. 105 at 40.] The Court concludes, however, that the Magistrate Judge properly determined, for the reasons stated in the Report, that Plaintiff failed to forecast sufficient evidence of a serious medical injury.[3] [Doc. 100 at 21–22.]

---

[2] For the same reason, the Court grants summary judgment as to any bystander claim asserted by Plaintiff against John Doe, who Plaintiff identified as a security officer who worked with Robertson at the time of the incident [Doc. 77 at 3, 6]. *See Perry v. Boards,* No. 6:24-cv-00075-BHH-KFM, 2024 WL 5507489, at *10 (D.S.C. Dec. 30, 2024) ("Courts have held that if one defendant is granted a motion for summary judgment, the district court may enter summary judgment in favor of nonmoving, additional defendants[—including those who have not been served—]if the motion raised by the first defendant is equally effective in barring the claim against the other defendants, and the plaintiff had an adequate opportunity to argue in opposition to the motion." (internal quotation marks omitted)), *Report and Recommendation adopted by* 2025 WL 704406 (D.S.C. Mar. 5, 2025).

[3] Plaintiff requests that the Court appoint Plaintiff counsel. [Doc. 105 at 36.] There is no constitutional right to appointed counsel in a civil case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1971). Although the Court may exercise its discretion to appoint counsel for litigants proceeding pro se, *see* 28 U.S.C. 1915(e)(1), it may do so only in exceptional circumstances, *see Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) ("The district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities."). Plaintiff's request does not raise any exceptional circumstances that would justify the appointment of counsel. Plaintiff also requests that the Court grant an order for an evidentiary hearing,

## **CONCLUSION**

In sum, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference, as modified by this Order. Accordingly, Moving Defendants' motion for summary judgment [Doc. 83] is GRANTED as to Plaintiff's § 1983 claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 10, 2026
Greenville, South Carolina

---

or dismiss Moving Defendants' summary judgment motion with prejudice, and grant an order of sanctions, court costs, attorney fees, and costs. [Doc. 105 at 36.] Those requests are denied.